ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

v. STATE.

Opinion delivered June 1, 1908.

CONSTITUTIONAL LAW—REPEAL OF PRIOR STATUTE.—Under the rule that an unconstitutional act which in general terms repeals all acts in conflict with it will not be held to repeal a prior valid act in conflict with it, *held* that if act No. 160 of 1903, regulating the conveniences

for passengers at railway stations, be unconstitutional in exempting certain counties from its operation, the prior act, No. 91 of 1899, of which the latter act was a copy except as to the exemption, was left in force.

Error to Faulkner Circuit Court; *Eugene Lankford,* Judge; affirmed.

### STATEMENT BY THE COURT.

The deputy prosecuting attorney of Faulkner County filed information against the St. Louis, Iron Mountain & Southern Railway Company, charging it with violation of the statute requiring it to keep its waiting room supplied with wholesome drinking water.

The railway company demurred to the information. This was overruled by the court, and the railway company filed a plea to the information as follows:

"Comes the defendant, and for its plea to the information herein says:

"1. It is not guilty.

"2. The act of April 23, 1903, under which the information is brought, is unconstitutional because it is a special act and not passed in accordance with requirements of section 25, article 5, of the Constitution of the State of Arkansas.

"3. The said act is unconstitutional in that it denies to it the equal protection of the laws, and that it withholds from it certain immunities which it grants to other persons of the same class.

"4. The said act is a special act, inhibited by the Constitution of this State.

"5. That said act is unconstitutional, being in conflict with section 18, article 2, of the Constitution of Arkansas."

The undisputed testimony shows that there was no water provided in the waiting rooms of the depot at Conway in Faulkner County for several days at the time specified in the information. The jury returned a verdict of guilty, and assessed a fine of one hundred dollars. The case is here on writ of error.

*Lovick P. Miles,* for appellant.

The act is void because it is provided therein that it shall not apply to certain counties in the State. 165 U. S. 154; 146

U. S. 39; 185 U. S. 325; 49 Ark. 335; *Id.* 293; *Id.* 167; 75 Ark. 542.

Wm. F. Kirby, Attorney General, and *Dan'l Taylor*, Assistant, for appellee.

The act is constitutional. 84 Ark. 470.

HART, J., (after stating the facts). The railway company contends that the information was filed under the act of April 23, 1903, and that, as the act exempts the counties of Benton, Washington and Crawford from its provisions, it is unconstitutional for the reasons enumerated in its plea. The act of April 23, 1903, is almost an exact copy of the act of March 31, 1899, with the exception of the clause exempting the counties above mentioned. The act of April 23, 1903, does not in express terms repeal the act of March 31, 1899, but only repeals all acts or parts of acts in conflict with it.

The general rule on that subject is as follows:

"Where there is, by a general clause, a repeal of all acts and parts of acts inconsistent with the statute, and it is apparent that the repealing statute is to be substituted for the one repealed, the unconstitutional character of the repealing statute will also render void the repealing clause. And on the same principle a prior statute will not be impliedly repealed by inconsistency with a subsequent unconstitutional one." 26 Am. & Eng. Enc. of Law, 717.

In the case of *Union Saw Mill Co.* v. *Felsenthal*, 85 Ark. 346, it is expressly held that an unconstitutional statute which in general terms repeals all acts in conflict with it will not be held to repeal a prior valid act in conflict with it. Hence, conceding, without deciding the question, that the act under consideration is unconstitutional, it leaves in force a valid act on the same subject.

Judgment affirmed.